[No. B002405. Second Dist., Div. Six. Oct. 4, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMMY TYE, Defendant and Appellant.

COUNSEL

Richard E. Erwin, Public Defender, and Richard E. Holly, Deputy Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Susanne C. Wylie and Jane Began Sagehorn, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

STONE, P. J.—Appellant, Timmy Tye, appeals from judgment and sentence after jury conviction of contributing to the delinquency of a minor (Pen. Code, § 272) and battery (Pen. Code, § 242), misdemeanors.[1] He contends the victim should not have been permitted to testify that he had

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

had sexual intercourse with her because her testimony was a product of unlawful interrogation and that he should not be required to register as a sex offender. (§ 290.) We agree with his second contention, direct the trial court to delete the term of probation which requires him to register as a sex offender, but otherwise affirm the judgment.

FACTS

March 21, 1983, while Tye was incarcerated on an unrelated matter, police responded to a burglary report at Tina L.'s home. They discovered Dennis Burrel on Tina L. on the living room floor and arrested him for forcible rape. Tina told Detective Briner that she had had sexual intercourse with Burrel once before, in January, at which time she had been a virgin. She also said she had been beaten in January by Timmy Tye, Burrel's friend, but she and her mother had decided not to have him prosecuted.

Burrel, in his postarrest interview, named Tye as Tina's boyfriend. Tina's step-brother Doug told the officer both Burrel and Tye had walked uninvited into his parents' house in January and Tina followed them into her bedroom. Doug also said Burrel told him he wanted Tina to become a prostitute and wanted to have sexual intercourse with her. (At trial Doug attributed the statement about sexual intercourse to Tye.) The officer also interviewed several neighbors and Tina's mother.

March 23, 1983, Detective Briner interviewed Tye as a possible witness against Burrel. Tye was still in custody and was represented by counsel on the charge for which he was incarcerated. Briner neither contacted Tye's attorney nor informed Tye of his *Miranda* rights before questioning him. During the interview, Tye said he had made love with Tina on two occasions.

Several hours later Briner reinterviewed Tina when she admitted having had sexual intercourse with Tye in January. She later testified that Tye beat her because she refused to have sex with him.

The information filed April 26, 1983, charged in count I that Tye committed a lewd and lascivious act upon Tina L., a child under 14 years of age (§ 288, subd. (a)), and in count 2 that he committed battery (§ 242). The trial court instructed the jury that unlawful sexual intercourse and contributing to the delinquency of a minor were lesser-included offenses of section 288, subdivision (a). The jury convicted Tye of the lesser-included offense, contributing to the delinquency of a minor (§ 272) and battery, (§ 242), both misdemeanors.

DISCUSSION

I

■ Tye contends Tina L.'s testimony was the product of unlawful interrogation and, therefore, erroneously admitted. The trial court, hearing Tye's motion to exclude the statements, found that although Tye's statements were free and voluntary, Briner obtained them in violation of *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], and ruled them inadmissible in the prosecution's case-in-chief. It nevertheless ruled Tina's statements admissible.

The first question is "'. . . whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' [Citation]." (*Wong Sun* v. *United States* (1963) 371 U.S. 471, 487-488 [9 L.Ed.2d 441, 455-456, 83 S.Ct. 407].) We then consider whether any of three commonly advanced exceptions to the exclusionary rule—the "independent source," "inevitable discovery," or "attenuation" doctrines—justify admission of Tina's testimony. We believe that under either the "inevitable discovery" or "independent source" doctrine, the evidence would be admissible.

■ The inevitable discovery exception allows admission of evidence where the court finds that challenged evidence would have been eventually secured through legal means regardless of improper official conduct. (*People* v. *Superior Court (Tunch)* (1978) 80 Cal.App.3d 665, 673 [145 Cal.Rptr. 795].) The test is not one of certainty, but rather of reasonably strong probability. (*Id.,* at p. 681.) The prosecution bears the burden of establishing its admissibility, but the trial court necessarily has broad discretion on facts and circumstances of each case, to apply or withhold application of the rule. (*Id.,* at p. 682.) ■ Similarily, the exclusionary rule is inapplicable where the government learned of the evidence from an independent source. (*Sequra* v. *United States* (1984) 468 U.S. —, — [82 L.Ed.2d 599, 608 104 S.Ct. 3380].)

■ Although the trial court failed to state on the record its reasoning in ruling Tina's statements admissible, it did state that it had considered the preliminary hearing transcript, witnesses' testimony and cases cited by counsel. The record before us is sufficiently detailed for us to weigh the rule's deterrence purposes against the cost of legitimate demands of law enforcement. (See *Brown* v. *Illinois* (1975) 422 U.S. 590, 609 [45 L.Ed.2d 416, 430, 95 S.Ct. 2254].) Detective Briner testified that he questioned Tina's veracity after his first interview with her and after checking with the

investigating officer of the earlier-reported battery. His suspicions were further heightened by her step-brother's statements and he intended to question her again, with or without Tye's information. Furthermore, although Briner told her he had spoken with Tye and others, he did not relate to her the gist of Tye's conversation until after she said she had sexual intercourse with Tye as well as with Burrel. We therefore find it would serve no legitimate interest to extend the exclusionary rule to the instant case, and affirm the trial court's ruling.

## II

The trial court denied Tye's motion to delete the term of probation requiring him to register as a sex offender. Section 290 mandates registration with the chief of police in any city in which a person resides who has been convicted of certain enumerated offenses including "any offense involving lewd and lascivious conduct under section 272." Tye argued at sentencing that registration was not warranted because the section 272 conviction, as couched in both instructions and verdict, did not specify any type of sexual, lewd or lascivious conduct, and, in his motion to modify term of probation, contended that section 290 is void as it applies to Tye's conviction for section 272. (*In re Reed* (1983) 33 Cal.3d 914 [191 Cal.Rptr. 658, 663 P.2d 216].)

The prosecution argued that *Reed* is restricted only to section 647, subdivision (a) and, furthermore, unlike section 647, subdivision (a) where the court had no discretion whether to require registration, in section 272 the court must affirmatively determine that section 290 is appropriate under the facts of the case.

Respondent attempts to distinguish *In re Reed* from the instant case because Tye was found guilty "not only of the sexually related crime of contributing to the delinquency of a 13 year old victim from evidence that he had intercourse with her and that his companion Burrel wanted to put her into prostitution, but also of battering her." The trial court's reason for imposing the registration term was that the section 272 violation was a lesser-included offense of a sex-related crime. What we find problematic is how the trial court can determine the offense of contributing to the delinquency of a minor involved lewd and lascivious conduct to impose such a term of probation when the jury specifically found him not guilty of "a violation of section 288, subdivision (a) of the Penal Code, a lewd and lascivious act with a child, as alleged in Count I of the information," and further found him not guilty "of a violation of section 261.5 of the Penal Code, unlawful sexual intercourse, . . ."

The fundamental legislative purpose underlying section 290 is to assure persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature has deemed them likely to commit similar offenses in the future. (*In re Reed, supra,* 33 Cal.3d 914, 919.) In *Reed,* petitioner was convicted of soliciting "lewd or dissolute conduct" from an undercover officer in a public restroom, in violation of section 647, subdivision (a) and was required, pursuant to section 290, to register as a sex offender. He contended that mandatory sex offender registration for section 647, subdivision (a) misdemeanants violates constitutional prohibition against cruel or unusual punishment. (Cal. Const., art. I, § 17.) The California Supreme Court agreed, stating section 290 imposes the lifelong stigma of sex offender registration on persons who often have committed little more than sexual indiscretion involving no violence. "Other equally or more serious offenses are punished less severely, and California is virtually alone in its imposition of the registration requirement for misdemeanor conduct. In these circumstances the continuing penalty of sex offender registration is out of all proportion to the crime of which petitioner was convicted." (*In re Reed, supra,* 33 Cal.3d at p. 926.)

The jury herein convicted Tye of simple battery. However wrongful the conduct, battery is not a registerable offense under section 290. Was the conduct of contributing to the delinquency of a minor for which the jury convicted Tye necessarily lewd and lascivious? The court gave the following jury instruction on contributing to the delinquency of a minor (CALJIC No. 16.160): "Every person who, by any act or omission, or by threats, commands or persuasion, induces or endeavors to induce [any person under the age of 18 years]: [¶] 2. To do or perform any act or to follow any course of conduct or to so live as would cause or manifestly tend to cause any such person to become or remain [a delinquent child] is guilty of a misdemeanor. A 'delinquent child' is any person under the age of 18 years: (a) Who persistently and habitually refuses to obey the reasonable and proper orders or directions of his parents, or school authorities, or (b) Who is beyond the control of such person or authorities."

The prosecution argued at sentencing that the jury had to have found Tye guilty of sexual conduct with Tina L. in order to convict him. We do not know why the jury convicted him of the lesser charge nor should we speculate. Nor do we believe that the wording of section 290 gives the trial judge unbridled discretion to disregard a jury's verdict and find lewd and lascivious conduct where none was indicated in either jury instruction or verdict. If the prosecution sought sex offender registration, it could have requested a special finding of lewd and lascivious conduct along with the verdict form for section 272. Had the jury convicted Tye of unlawful sexual

intercourse, i.e., an act of sexual intercourse with a female under the age of 18 years, Tye would not have had to register as a sex offender as that offense is not one of the enumerated offenses under section 290. The mere fact that section 272 is also a lesser-included offense of section 288, subdivision (a) is insufficient basis to infer that a conviction of the lesser-included offense necessarily involves lewd and lascivious conduct unless the jury explicitly has so found. Moreover, Tye's minimal prior criminal record does not indicate his propensity to commit the types of crime contemplated by section 290.

We agree with appellant that there was no reasonable basis under the pleadings, instructions or verdict regarding section 272 to impose upon him the onerous burden of sex offender registration. We, therefore, find it unnecessary to decide whether section 290 is void under California Constitution article I, section 17, as cruel and unusual punishment. We direct the trial court to modify Tye's term of probation and delete term 9.

The judgment is otherwise affirmed.

Abbe, J., and Gilbert, J., concurred.