[No. F002649. Fifth Dist. Feb. 28, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ALAN DALE GARNER, Defendant and Appellant.

146

**COUNSEL**

David F. Blaisdell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert D. Marshall, Deputy Attorney General, for Plaintiff and Respondent.

---

**OPINION**

**THE COURT.**\*—Appellant was convicted on his guilty plea of one count of first degree burglary. He admitted allegations that he twice had been "convicted of a serious felony listed in subdivision (c) of section 1192.7 of the Penal Code, to wit: Burglary, in violation of Section 459 of the Penal Code, within the meaning of Section 667 of the Penal Code." He also admitted having served a prior prison term for receiving stolen property. (Pen. Code, § 667.5, subd. (b).) Pursuant to plea bargain, the trial court dismissed two counts of receiving stolen property and an additional prior prison term enhancement. As part of the same plea bargain, appellant's wife pled guilty to one count of misdemeanor receiving stolen property (Pen. Code, §§ 496, 17, subd. (b)), and the trial court dismissed one count of burglary against her. Appellant was sentenced to prison for the six-year upper base term for the current crime, a one-year additional term for the prior prison term enhancement, and a five-year serious felony enhancement for each burglary prior.

On appeal from the judgment, appellant contends that the trial court improperly imposed the serious felony enhancements because 1) the guilty plea judge did not adequately advise him that the enhancements would have to be imposed and would have to run consecutively vis-à-vis the base term and each other; and 2) the information failed to allege and the prosecution failed to prove the residential character of either burglary prior. Appellant also contends that the trial court violated the dual use of facts prohibition (Pen. Code, § 1170, subd. (b)) and abused its discretion in imposing the upper base term for the current burglary. Respondent disagrees in all particulars.

In *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736], our Supreme Court recently addressed Penal Code section 667's serious felony enhancement for "residential burglary." (Pen. Code, § 1192.7, subd. (b)(18).) Finding that a section 667 enhancement is subject to pleading and proof requirements equivalent to those which Penal Code section 1170.1, subdivision (f) imposes for other enhancements (*Jackson, supra,* at p. 835, fn. 12), the court held "that defendant, having admitted that both

---

\*Before Franson, Acting P. J., Hanson (P. D.), J., and Martin, J.

the current burglary and the third alleged prior burglary involved entry into a residence, is subject to an enhanced sentence pursuant to section 667." (*Id.,* at p. 837.)

Jackson had argued that since both his present and prior convictions were for second degree burglary, a crime of which entry into a residence was not an essential element, *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389] prevented the trial court from going beyond the defined crime elements to determine the nature of his crimes. In essence, the court held *Crowson's* principles inapplicable as regards proof of the residential nature of the current burglary (*People* v. *Jackson, supra,* 37 Cal.3d 826, 833-836) but applicable to proof of the residential nature of the pre-Proposition 8 prior burglary. (*Id.,* at pp. 836-837, and fn. 14.) On the latter point, the court reasoned as follows: "With respect to a prior burglary conviction, however, especially one such as defendant's which antedates Proposition 8, proof of the residential character of the burglary encounters obstacles.[14] The record of a conviction for second degree burglary would not prove entry into a residence, even if the pleadings included superfluous allegations to that effect. (*People* v. *Crowson, supra,* 33 Cal.3d 623, 634.) Moreover, the People could not go behind that record to prove a fact which was not then an element of the crime. (*Id.,* at pp. 633-634; see *In re Finley, supra,* 68 Cal.2d 389, 393-394 [66 Cal.Rptr. 733, 438 P.2d 381]; *In re McVickers* (1946) 29 Cal.2d 264, 276 [176 P.2d 40]; *People* v. *Hickey* (1980) 109 Cal.App.3d 426, 438-439 [167 Cal.Rptr. 256].) A contrary holding, permitting the People to litigate the circumstances of a crime committed years in the past, would raise serious problems akin to double jeopardy and denial of speedy trial.

▋ "There is no rule, however, which bars the defendant from admitting that a prior burglary involved entry into a residence, even if the prosecution is unable to prove the allegation. We permit a defendant in connection with a plea bargain to plead guilty to an offense with which he was not charged, and which the prosecution cannot prove, so long as it is reasonably related to defendant's conduct. (*People* v. *West* (1970) 3 Cal.3d 595, 612-613 [91 Cal.Rptr. 385, 477 P.2d 409].) A defendant should have the same latitude with respect to enhancements; if, as part of a bargain, he finds it advantageous to admit an enhancement which the prosecution may be unable to prove, *Crowson* does not prevent the court from giving effect to that admission."

▋ The court's footnote 14 provides: "In a post-Proposition 8 case, for the reasons we have explained, an allegation that a burglary involved entry into a residence is not a superfluous allegation. Even if the case involved the first serious felony charge against the defendant, proof of the residential character of the burglary would expose defendant to an enhanced punish-

ment if he committed a later serious crime. Consequently, admissions or findings that a burglary was of a residence, established on the record of the conviction, could be used in a later proceeding to prove that the defendant had previously been convicted of a serious felony." (*Id.*, at p. 836.)

██ As noted, Jackson expressly admitted that his prior burglary had involved entry into a residence. Our review of the present record persuades us that the same cannot be said for appellant. Unlike the charging document in *Jackson,* the information here did not allege that either burglary prior was residential. Unlike in *Jackson,* at no point in the guilty plea proceedings did appellant expressly admit the residential nature of either prior. The relevant colloquy appears in the margin.[1]

Arguably, since the information alleged each prior burglary as a serious felony listed in Penal Code section 1192.7, subdivision (c) and within the meaning of Penal Code section 667, and since the only serious felony burglary within section 1192.7, subdivision (c) is a residential burglary, one may infer that the pleader intended to allege a residential burglary. While this may be true, we would not discount the possibility that the pleader may have labored under the mistaken belief that all burglaries, whether or not residential, were serious felonies under sections 1192.7, subdivision (c) and 667.

Further, even were we to infer that the pleader meant to allege that each prior was residential, he did not do so. In *People* v. *Jackson, supra,* 37 Cal.3d 826, our Supreme Court noted that "principles of due process would

---

[1]"THE COURT: You understand the first prior is alleged as follows: Alan Dale Garner was on or about September 8, 1977, in the County of Alameda, State of California, convicted of a felony in violation of Section 1192.2 [*sic*], burglary, in violation of Section 459 of the Penal Code within the meaning of 667 of the Penal Code. Do you understand that the alleged prior conviction for the first prior alleged is the violation of Count One?

"DEFENDANT ALAN DALE GARNER: Yes.

"THE COURT: Do you wish to waive each constitutional right with respect to that prior conviction?

"DEFENDANT ALAN DALE GARNER: Yes, sir.

"THE COURT: Any question about it?

"DEFENDANT ALAN DALE GARNER: No, sir.

"THE COURT: Therefore, do you admit or deny you were, in fact, convicted as stated in Alameda County, violation of Section 459 of the Penal Code?

"DEFENDANT ALAN DALE GARNER: I admit it.

"THE COURT: With respect to the second prior conviction, do you admit or deny on or about August 26, County of Kern, State of California, you were convicted of a felony, violation of Section 11592 [*sic*] of the Penal Code, burglary, violation of 459 of the Penal Code within the meaning of Section 667 of the Penal—

". . . . . . . . . . . . . . . . . . . . . . . . .

"[THE COURT]: With respect to the second alleged prior, do you waive and give up each constitutional right as we have gone over them today?

"DEFENDANT ALAN DALE GARNER: Yes, sir."

require that defendant receive notice of the facts the prosecution intends to prove." (*Id.*, at p. 835, fn. 12.) We are unwilling to impute to a criminal defendant the knowledge that the only burglary qualifying as a serious felony is a residential burglary.

Throughout *Jackson* are repeated statements which persuade us that the Supreme Court contemplated an *express* allegation of the second ,degree burglary's residential nature. In discussing proof of the residential nature of the current crime, for example, the court said that "entry into a residence . . . was properly pled as an essential element of the serious felony enhancement provided by section 667." (*Id.* at p. 835.) The court described the "residence" allegation as "not superfluous, but essential to notify defendant that the prosecution intended to prove the elements essential to an enhancement under section 667." (*Ibid.*) That the present information did not adequately allege the residential nature of each prior is, to us, an ineluctable conclusion.

Without appearing to defend the pleadings on the merits, respondent argues that appellant's contention does not survive his guilty plea and admission. ■ In our view, however, Penal Code section 1237.5, requiring a probable cause certificate to raise issues pertaining to the validity of guilty pleas, does not bar appellant's challenge to postplea determinations about the propriety of the enhancement. (Cf., *People* v. *Crowson, supra,* 33 Cal.3d 623, 627, fn. 3; *People* v. *Sumstine* (1984) 36 Cal.3d 909, 915, fn. 3 [206 Cal.Rptr. 707, 687 P.2d 904].) ■ Moreover, even absent the notice problem, the fact remains that appellant did not expressly admit that either prior was residential in nature, and the record does not show that either prior was first degree and thus residential as a matter of law. (*People* v. *O'Bryan,* (1985) 37 Cal.3d 841, 845 [210 Cal.Rptr. 450, 135 P.2d 694].) We conclude the enhancements were improperly imposed.

We need not reach appellant's contention pertaining to the advisement of consequences of his admissions. We have considered appellant's attacks on the upper base term and find no basis for remand.

We have considered whether this case should be remanded to restore matters to their preplea status. We have concluded that this is not necessary. Though appellant benefited from the plea bargained dismissal of two receiving stolen property charges, both charges involved the fruits of the more serious burglary to which appellant pled guilty. As the original thief, appellant could not have been convicted of both the burglary and the alleged receiving charges. Appellant benefited further from the dismissal of one prior prison term enhancement, which, if pleaded and proved, could have added one year to his sentence.

On the other hand, neither burglary prior which appellant admitted involved a prior prison term within the meaning of Penal Code section 667.5, since appellant received a jail sentence on one and a commitment to CRC on the other. (*People* v. *Lara* (1979) 95 Cal.App.3d 247 [158 Cal.Rptr. 847] (CRC commitment not a prison term for purposes of § 667.5).) Thus, on remand the prosecution could not recycle the two 5-year serious felony enhancements into two 1-year prior prison term enhancements. Finally, we cannot see how the prosecution now could undo the indirect benefit to appellant which resulted from the reduction of his spouse's crime to misdemeanor receiving stolen property.

In short, the difference between the seven-year sentence to which we will modify appellant's judgment and the eight-year maximum which he *might* receive after remand does not justify upsetting the plea bargain.

The judgment is modified to strike the findings that appellant had suffered two prior serious felony convictions within the meaning of Penal Code sections 667 and 1192.7 and the additional terms imposed based on such findings. The trial court is directed to prepare an amended abstract of judgment which reflects said modification and to forward a certified copy of same forthwith to the appropriate authorities. As so modified, the judgment is affirmed.