[No. F014429. Fifth Dist. Aug. 7, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
KARL STEWART SAUNDERS, Defendant and Appellant.

**COUNSEL**

Frances C. Huey, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael J. Weinberger and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**THAXTER, J.**—Penal Code[1] section 290 requires registration of persons convicted of various sex offenses, including assault with intent to commit rape or sodomy under section 220. The statute does not expressly require registration upon conviction of assault with intent to commit oral copulation, another crime listed in section 220, but does so for conviction of felonious oral copulation and attempted oral copulation. Although we see no reason for this legislative choice, we also see no means by which the registration requirement can be upheld in this instance. We therefore strike the registration requirement.

### Statement of Case

Appellant Karl Stewart Saunders[2] was charged by information with three felonies: forcible oral copulation (§ 288a, subd. (c)), forcible penetration of genital or anal opening with a foreign object (§ 289, subd. (a)), and commission of a lewd or lascivious act upon a child under the age of 14 (§ 288, subd. (a)). Several enhancement allegations were also included in the charging document. After entering a plea of not guilty to all counts and denying the enhancement allegations, appellant entered into a bargain with the prosecution whereby the prosecution amended the information to add a fourth count charging a violation of section 220.[3] Appellant then entered a plea of nolo contendere to the newly added count 4, and the three original counts were dismissed on the prosecution's motion. Before accepting appellant's plea, the court advised him that one of the consequences of the plea was that he would be required to register as a sex offender. Appellant stated that he understood that requirement.

Pursuant to the plea bargain, appellant was sentenced to the mitigated term of two years. The sentencing court directed appellant to register as a sex offender pursuant to section 290.

Appellant filed a timely notice of appeal. ■ Although no certificate of probable cause was included in the notice of appeal (§ 1237.5), such a certificate is not required because the only area of contention is sentencing error. (*People* v. *Sumstine* (1984) 36 Cal.3d 909, 915, fn. 3 [206 Cal.Rptr.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] The record reveals at least 10 different aliases for appellant. He was referred to by different names at different stages of the action, and the appellate briefs identify him by different names. Karl Stewart Saunders is the first name appearing in the information. We will hereafter simply refer to him as appellant.

[3] The record does not reflect any recognition of or compliance with section 1192.7 which limits plea bargains when certain serious felonies (including each offense in the original information) are charged. No issue regarding this omission has been raised on appeal.

707, 687 P.2d 904]; *People* v. *Garner* (1985) 165 Cal.App.3d 145, 150 [211 Cal.Rptr. 267].)

Because the facts underlying appellant's conviction are irrelevant to the issue raised on appeal, we omit a statement of facts.

### DISCUSSION

■ Appellant's sole contention on appeal is that the court exceeded its jurisdiction by ordering appellant to register as a sex offender under section 290.

By its express terms, section 290 requires registration of "Any person who . . . is hereafter convicted in this state of the offense of assault with intent to commit rape or sodomy under Section 220, . . ."

In entering his nolo contendere plea to count 4, appellant was pleading to a charged violation of section 220. That violation, however, was expressly described by the prosecutor in amending the information to include count 4 as "assault to intent of oral copulation [*sic*]." And assault with intent to commit oral copulation was the precise charge to which appellant entered his plea:

"MR. MC GILLVARY [prosecutor]: Thank you, your Honor. Sir, it's alleged in new Count 4 of the Information, that on or about October 31 of 1989, that you did willfully and unlawfully assault [minor victim], with the intent to orally copulate her, in violation of section 220 of the Penal Code, a felony. To that, sir, what is your plea?

"THE DEFENDANT: No contest."

Section 220 proscribes several different aggravated assaults, as follows:

"Every person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288 or 289 is punishable by imprisonment in the state prison for two, four, or six years."

Appellant argues that, as section 290 does not require *all* violators of section 220 to register as sex offenders, and specifically does not require those who assault with intent to commit oral copulation under section 220 to register as sex offenders, the superior court had no power to direct him to so register.

Respondent's position is that the failure to mention assault with intent to commit oral copulation in section 290 was an oversight by the Legislature and the statute must be read to include the offense to which appellant pleaded, assault with intent to commit oral copulation.

Appellant's key point is that recent revisions to section 290 have mentioned only two of the offenses proscribed by section 220 as requiring registration: assault with intent to commit rape and assault with intent to commit sodomy. Appellant maintains the statute is unambiguous and thus not subject to judicial interpretation.

Appellant also cites *People* v. *Tye* (1984) 160 Cal.App.3d 796 [206 Cal.Rptr. 813] and *People* v. *Brun* (1989) 212 Cal.App.3d 951 [260 Cal.Rptr. 850]. In *Tye*, the Second Appellate District held (at p. 802) that "The fundamental legislative purpose underlying section 290 is to assure persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature has deemed them likely to commit similar offenses in the future." Tye, charged with lewd and lascivious conduct (§ 288, subd. (a)) and battery (§ 242), was convicted of the battery and of contributing to the delinquency of a minor, a lesser included offense of the charged lewd and lascivious conduct. The court held that neither battery nor contributing to the delinquency of a minor was a registerable offense under section 290. (160 Cal.App.3d at pp. 802-803.)

In *Brun*, the Third District faced the similar question of what conduct permits a court to order a convicted defendant to register under the narcotics users registration statute (Health & Saf. Code, § 11590). The court applied the doctrine of *expressio unius est exclusio alterius* (the expression of certain things in a statute necessarily involves exclusion of other things not expressed), finding that Brun's conviction for possession of methamphetamine for sale (Health & Saf. Code, § 11378), not being listed in Health and Safety Code section 11590, did not permit the court to require registration. In so holding, the court analogized to section 290, citing *Tye*. (212 Cal.App.3d at p. 954.)

The rule of *expressio unius est exclusio alterius* relied on in *Brun* is, however, subordinate to the primary rule that legislative intent governs the interpretation of a statute. (*In re Joseph B.* (1983) 34 Cal.3d 952, 957 [196 Cal.Rptr. 348, 671 P.2d 852].)

In determining the legislative intent, we cannot ignore either the language or the history of the statute itself. When the current section 290 (which took effect January 1, 1988) was enacted in 1985, it required

registration for "[a]ny person who . . . has been or is hereafter convicted in this state of . . . any offense defined in Section . . . 220 . . . ." (Stats. 1985, ch. 1474, § 2, p. 5406.) Under this language, appellant's offense would plainly have required registration.

In 1986, however, section 290 was amended so that, when it took effect in 1988, it would require registration for "[a]ny person who . . . has been or is hereafter convicted in this state of the offense of assault with intent to commit rape or sodomy under Section 220 . . . ." (Stats. 1986, ch. 1299, § 7, p. 4600.) No longer were *all* offenses defined by section 220 automatically included in the statute's purview, and (in reference to the instant case) no longer was assault with intent to commit oral copulation included. This language has continued through to the current revision.

■ "It is a settled principle of statutory construction that a material change in the phraseology of a legislative enactment is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the statute." (*Farmers Ins. Exch.* v. *Geyer* (1967) 247 Cal.App.2d 625, 634 [55 Cal.Rptr. 861].) When the change in the language is so obvious, and the change in its meaning equally clear, we are compelled to conclude that the Legislature made the change knowingly.

■ We do not reach this conclusion happily, for we view the statute, as it is drafted, as incongruous. We say this for three reasons.

First, under the plain language of the statute, some assaults with the intent to commit a sex offense entail a registration requirement, while others do not. For instance, had appellant been convicted of assault with intent to commit rape or sodomy, section 290 would require registration. Because he was convicted of assault with intent to commit oral copulation, he may not be required to register.

We recognize that this might be the product of a conscious legislative determination that assault with intent to commit oral copulation is somehow less serious than assault with intent to commit rape or sodomy or is otherwise not an appropriate offense for registration.

However, had appellant been a minor, section 290, subdivision (d)(1) would have required registration. That subdivision provides that "Any person who . . . is discharged or paroled from the Youth Authority to the custody of which he or she was committed after having been adjudicated a ward of the court . . . because of the commission or attempted commission of the following offenses shall be subject to registration under the procedures of this section: assault with intent to commit rape, sodomy, *or oral*

*copulation . . . .*" (Italics added.) There is no imaginable reason to require a minor who commits assault with intent to commit oral copulation to register, but not require an adult found guilty of the same offense to register; yet that is exactly what the Legislature did.

Finally, we note that section 290 requires registration when the conviction is for the attempted violation of section 288a, i.e., attempted oral copulation. █ Attempted oral copulation is a necessarily included offense of assault with intent to commit oral copulation; an assault with intent to commit a crime necessarily embraces an attempt to commit the crime. (*People* v. *Ghent* (1987) 43 Cal.3d 739, 757 [239 Cal.Rptr. 82, 739 P.2d 1250]; *People* v. *Rupp* (1953) 41 Cal.2d 371, 382 [260 P.2d 1].) It follows that one cannot commit an assault with intent to commit oral copulation without also committing attempted oral copulation.

█ We see no reason to require registration for the lesser offense of attempted oral copulation, yet excuse from registration one who commits every element of that offense but is convicted instead of assault with intent to commit oral copulation. Nonetheless, we are forced to conclude that, whatever its motivation, this is what the Legislature intended.

We are thus compelled to agree with appellant that the court below exceeded its jurisdiction in imposing a registration requirement. We therefore order the requirement stricken from appellant's sentence.

At the same time, we urge that the Legislature take a hard look at section 290 and the inconsistencies therein.

### DISPOSITION

As modified, the judgment is affirmed.

Best, P. J., and Ardaiz, J., concurred.