Filed 10/28/13  P. v. Willard CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D061696 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD233614) |
| JOSHUA ANTONIO WILLARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Reversed in part, affirmed in part.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala G. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Eric Swenson, and Barry Jay Carlton, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

Defendant Joshua Antonio Willard appeals from a judgment of conviction after a jury convicted him of four counts (and multiple lesser included offenses as to one of the counts) related to two separate incidents in which Willard, who was incarcerated at the time, attacked two fellow inmates with the intention of committing foreign object penetration.

Willard first contends that his convictions on two of the four counts must be reversed because those two counts are duplicative of other counts on which he was convicted. Willard contends, in the alternative, that his conviction on count 4 for assault with the intent to commit foreign object penetration must be reversed because the jury acquitted him of the lesser included offense of attempted foreign object penetration as to the same victim. Finally, Willard contends that his conviction on count 1 for assault with the intent to commit foreign object penetration must be reversed because the jury acquitted him of the lesser included offense of attempted foreign object penetration as to the same victim in its verdicts pertaining to count 4. He argues that because counts 1 and 4 are duplicative, the jury's acquittal on the lesser included offense with respect to count 4 requires reversal of his conviction of the greater offense on count 1.

The People concede that Willard was convicted of duplicative offenses in two of the four counts, and further concede that two of his convictions must be reversed. We accept the People's concession and reverse Willard's convictions on counts 3 and 4. As a result, we need not consider Willard's alternative argument with respect to count 4.

2

Finally, we reject Willard's contention that his conviction on count 1 must be reversed based on the jury's inconsistent verdict as to a lesser offense of count 4. We therefore affirm his conviction on count 1.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Factual background*

After Willard was convicted of multiple felony counts for unrelated offenses, he was detained at the George Bailey Detention Center. On February 17, 2011, Willard told another inmate, Darwin P., to come into the bathroom with him. Once they were both in the bathroom, Willard grabbed at Darwin's P.'s buttocks. Darwin P. pushed Willard's hand away and attempted to flee, but fell down. Willard dragged Darwin P. back into the bathroom. Darwin P. testified that Willard pulled down Darwin P.'s pants and inserted his finger into Darwin P.'s anus.

After this incident, Willard was transferred to a different module. He asked to be housed in a cell with John Doe. In the middle of the night two days after the incident involving Darwin P., Willard asked Doe if Doe had ever had sex with a man before, and said that it would be fast. Doe replied in the negative. A struggle ensued between the two men. Willard put Doe in a headlock and later choked Doe. Willard forced Doe onto his knees, pulled down Doe's pants, and tried to stick his fingers into Doe's anus. Doe clinched his buttocks together, preventing Willard from doing so.

A deputy walked by in the process of doing a security check. Doe banged on the cell door and asked to be let out of the cell immediately. The deputy radioed the control

3

tower and had them open the door to Doe and Willard's cell. The deputy let Doe out of the cell. Doe appeared highly agitated. He walked around in circles. The deputy asked Doe what was going on. At first, Doe did not want to tell the deputy what had happened. When the deputy told Doe that he was going to put Doe back in the cell with Willard, Doe started crying and told the deputy about Willard's attack.

The deputy took Doe to get medical attention. The deputy saw red marks all over Doe's body, including on his knees.

The following day, officers received a handwritten complaint regarding the incident between Willard and Darwin P.

B.     *Procedural background*

Willard was charged with one count of assault with intent to commit foreign object penetration (Pen. Code, § 220, subd. (a)(1); count 1)[1] and one count of completed foreign object penetration (§ 289, subd. (a); count 4) with respect to the February 17, 2011 incident involving Darwin P. He was charged with one count of assault with intent to commit foreign object penetration (§ 220, subd. (a)(1); count 2) and one count of attempted foreign object penetration (§§ 289, subd. (a), 664; count 3) with respect to the February 19, 2011 incident involving John Doe. The information also alleged that Willard had incurred seven prior felony convictions (§ 667, subd. (a)) and seven prior strike convictions (§ 667, subds. (b)-(l)).

---

1      All statutory references are to the Penal Code unless otherwise specified.

4

A jury convicted Willard on counts 1, 2 and 3. With respect to count 4, the trial court had instructed the jury on the charged count, as well as four lesser included offenses. The jury acquitted Willard of the charged offense of completed foreign object penetration in count 4, but convicted him of the lesser included offenses of assault with intent to commit foreign object penetration, simple assault, and battery. The jury acquitted Willard of the lesser included offense of attempted foreign object penetration. [2]

The trial court sentenced Willard to 25 years to life on count 1, and to a consecutive sentence of 25 years to life on count 2. The court sentenced Willard to two additional terms of 25 years to life on counts 3 and 4, but stayed execution of sentence for those counts pursuant to Penal Code section 654. The court imposed an additional five-year sentence for Willard's serious prior felony conviction.

Willard filed a timely notice of appeal.

---

[2] The jury was not instructed that some offenses were lesser included offenses of other lesser included offenses of the charged count, nor were they told that some of the lesser included offenses of count 4 were also lesser included offenses of count 1. The jury was not told that it should consider the lesser included offenses in any particular order or that it should not return verdicts on some of the lesser included offenses if it found Willard guilty of one of the greater of the lesser included offenses. The jury also was not informed that one of the lesser included offenses of count 4—i.e., the assault with the intent to commit foreign object penetration offense—was the same as the offense charged in count 1.

III.

DISCUSSION

A.      *Willard's convictions on counts 3 and 4 must be reversed*

Willard maintains that the trial court should have dismissed counts 3 and 4.  With

respect to count 3, attempted foreign object penetration of John Doe, Willard contends

that this offense is a lesser included offense of count 2, assault with intent to commit

foreign object penetration.  With respect to count 4, assault with intent to commit foreign

object penetration as to Darwin P., Willard contends that this offense is the same as the

offense of which he was convicted in count 1, assault with intent to commit foreign

object penetration, since it is based on the same conduct.

The People acknowledge that a defendant may not stand convicted of two identical

crimes based on a single act, nor of both a lesser included crime and the greater crime,

based on a single act.   (See *People v. Coyle* (2009) 178 Cal.App.4th 209, 217-218 [a

defendant may not be convicted of multiple counts of the same offense based on a single

act]; *People v. Montoya* (2004) 33 Cal.4th 1031, 1034 [a judicially created exception to

the general rule permitting multiple convictions for different offenses based on the same

conduct prohibits multiple convictions based on necessarily included offenses].)  We

consider Willard's arguments with respect to each of the two victims, in turn.

1.      *Willard's convictions on counts 1 and 4 are for the same offense, based on the same conduct*

Willard argues that the trial court should have dismissed his conviction for assault

with the intent to commit foreign object penetration on count 4, contending that his

conviction on count 1 and his conviction on this lesser included offense on count 4, both of which pertain to victim Darwin P., are for the same offense, and are based on the same conduct. The People concede that with respect to Darwin P, the prosecution argued that only a single attack occurred, and that Willard's convictions on count 1 and on this lesser included offense on count 4 are for the same offense, based on a single act.[3] (See *People v. Coyle, supra,* 178 Cal.App.4th at pp. 217-218 [a defendant may not be convicted of multiple counts of the same offense based on a single act].) We accept the People's concession and conclude that Willard's conviction of assault with intent to commit foreign object penetration on count 4 is duplicative of his conviction on count 1, and must be reversed.[4]

---

[3] The People state that although, based on the evidence, the prosecutor might have argued that Willard committed two assaults against Darwin P., "it appears the case was presented to the jury on a single-attack theory [with respect to victim Darwin P.]." We agree with this interpretation of the record.

[4] Willard's convictions on the lesser included offenses of simple battery and simple assault with respect to count 4 are necessarily reversed, as well. Although the trial court did not impose sentence on these convictions and appears to have assumed that they have no effect, we wish to make it clear that Willard may not stand convicted of those offenses.

Willard argues that if this court does not agree that counts 3 and 4 should have been dismissed, then we should strike his felony conviction as to count 4 on the ground that the jury acquitted him of a lesser included offense to the offense charged in count 4. Because we conclude that count 4 must be reversed under the theory that it represents a conviction for the same conduct for which Willard was convicted on count 1, we need not address this alternative argument for reversal of Willard's conviction on count 4. In any event, we consider and reject this contention in footnote 6, *post*.

2.      *Willard's conviction on count 3 is for a lesser included offense of count 2*

Willard maintains that the trial court should have dismissed count 3 because his conviction on that count for attempted foreign object penetration as to John Doe is a lesser included offense of the offense for which he was convicted on count 2—assault with intent to commit foreign object penetration pertaining to Doe.  (See *People v. Montoya*, *supra*, 33 Cal.4th at p. 1034 [a judicially created exception to the general rule permitting multiple convictions for different offenses based on the same conduct prohibits multiple convictions based on necessarily included offenses].)  For purposes of deciding whether multiple convictions are proper, we consider the statutory elements test. (*People v. Reed* (2006) 38 Cal.4th 1224, 1229.)

Our Supreme Court has held that an assault with the intent to commit rape necessarily includes an attempt to commit the crime of rape.  (*People v. Ghent* (1987) 43 Cal.3d 739, 757 (*Ghent*) [" '[A]n assault with intent to commit rape is merely an aggravated form of an attempted rape, the latter differing from the former only in that an assault need not be shown.  [Citation.]  "An 'assault' with intent to commit a crime necessarily embraces an 'attempt' to commit said crime . . . ."  [Citation.]'  [Citation.]"].) Similarly, "[a]ttempted oral copulation is a necessarily included offense of assault with intent to commit oral copulation," and "one cannot commit an assault with intent to commit oral copulation without also committing attempted oral copulation."  (*People v. Saunders* (1991) 232 Cal.App.3d 1592, 1598.)

Based on *Ghent* and similar authority, the People concede that "an assault with intent to commit foreign object penetration necessarily constitutes an attempt to commit

foreign object penetration," and that Willard's conviction for "[t]he attempt" cannot stand. We agree. The elements test establishes that attempted sexual penetration by a foreign object (§§ 289, subd. (a), 664) is a lesser included offense of assault with intent to commit sexual penetration by a foreign object (§§ 220, 289). Accordingly, count 3 is a lesser included offense of count 2, and Willard cannot stand convicted of both of these offenses. We therefore vacate his conviction on count 3.

B.      *Willard's conviction on count 1 need not be reversed as a result of the jury's findings as to count 4*

As we have already described, Willard's convictions on count 1 and the lesser included offenses related to count 4 pertain to victim Darwin P. Willard argues that his conviction on count 1 must be reversed because his conviction on count 1 and his conviction of the lesser included offense of assault with the intent to commit foreign object penetration on count 4 are convictions for the same crime (i.e., assault with intent to commit foreign object penetration as to Darwin P.). Willard notes that the jury acquitted him of a lesser included offense on count 4, and contends that this acquittal undermines his convictions for the greater offenses of assault with intent to commit foreign object penetration on both counts 1 and 4. Specifically, the jury acquitted Willard of attempted foreign object penetration as to Darwin P., another lesser included offense on which the jury was instructed with respect to the charged offense in count 4 of foreign object penetration. As we described in part III.A.2., *ante*, attempted foreign object penetration is a lesser included offense not only of completed foreign object penetration, but also of assault with intent to commit foreign object penetration. In other words,

9

attempted foreign object penetration is a *lesser* lesser included offense of the lesser included offense of assault with the intent to commit foreign object penetration. It is undisputed that Willard's convictions on counts 1 and 4 are based on the same conduct. Willard contends that his acquittal of the lesser included offense of attempted foreign object penetration on count 4 undermines his convictions on counts 1 and 4 for assault with intent to commit foreign object penetration.[5]

"It is well settled that, as a general rule, inherently inconsistent verdicts are allowed to stand. [Citations.] . . . [¶] . . . [¶] . . . An inconsistency may show *no more than jury lenity, compromise, or mistake, none of which undermines the validity of a verdict*." (*People v. Lewis* (2001) 25 Cal.4th 610, 656; see also *United States v. Powell* (1984) 469 U.S. 57, 65 [inconsistency of verdicts necessarily entails error, but not of federal constitutional dimension, on the part of the jury in question, and the source of such error may be found in mistake, compromise, or nullification].) Section 954 specifies that "[a]n acquittal of one or more counts shall not be deemed an acquittal of any other count," and courts have upheld convictions on one count even though it might have been inconsistent with acquittals on other counts (see, e.g., *People v. Codina* (1947) 30 Cal.2d 356, 360-361 [conviction for lewd conduct with a child upheld despite acquittal on separate count charging contributing to delinquency of child]) or on enhancement allegations (see, e.g., *People v. Brown* (1989) 212 Cal.App.3d 1409 [conviction for assault with firearm upheld despite no true finding on § 12022 arming allegation].)

---

[5]    We have already reversed Willard's conviction on count 4 in part III.A.1., *ante*.

"Therefore, a verdict of conviction on one count which appears to be inconsistent with a verdict of acquittal on another count affords no basis for a reversal where the evidence is sufficient to support the conclusion that the defendant is guilty of the offense of which he stands convicted." (*People v. Davis* (1988) 202 Cal.App.3d 1009, 1016 (*Davis*).)

Although there exists a limited exception to the general rule "where all of the essential elements of the crime of which the defendant was acquitted are identical to some or all of the elements of the crime of which he was convicted, and proof of the crime of which the defendant was acquitted is necessary to sustain a conviction of the crime of which he was found guilty" (*People v. Hamilton* (1978) 80 Cal.App.3d 124, 130), this limited exception has been held to apply only in cases in which a defendant was charged with conspiracy, the requisite overt acts were charged as separate crimes, and the defendant is acquitted of the separate crimes but convicted of the conspiracy. (*People v. Pahl* (1991) 226 Cal.App.3d 1651, 1657-1660 (*Pahl*).)

"The conspiracy exception is limited, applying only where, as in *Johnston*, an overt act alleged in a conspiracy charge is identical to another charged offense of which defendant is acquitted. The Supreme Court decreed that under those unique circumstances, section 954 should not be construed to support a judgment of conviction for conspiracy, because the defendant has been acquitted of every charged overt act." (*Pahl*, *supra*, 226 Cal.App.3d at p. 1658, citing *In re Johnston* (1935) 3 Cal.2d 32, 36.) "The fact that [Courts of Appeal] have stated the narrow conspiracy exception in broad language as if it might properly be applied in nonconspiracy cases does not render that a correct statement of the law; it is not. The Legislature has decreed that an acquittal of

11

one count shall not be deemed an acquittal on another count. The Supreme Court fashioned a very limited exception to that rule which applies only in cases where there is a conspiracy count." (*Pahl*, *supra*, at p. 1660.)

There is no conspiracy charge in this case. We therefore apply the general rule, and allow the inconsistent verdicts to stand, regardless of whether they are the result of leniency, compromise or mistake on the part of the jury, as long as there is sufficient evidence to support the jury's finding of guilt on count 1. Given that Willard does not challenge the sufficiency of the evidence, and there is clearly substantial evidence to support the jury's determination that Willard committed an assault with the intent to commit foreign object penetration as to Darwin P., Willard's conviction on count 1 may stand.[6]

---

[6] Even if we were to allow Willard's conviction on count 4 to remain in place and, instead, reverse his conviction on count 1, such that the inconsistent verdicts pertaining to the greater and lesser offenses would have been as to the same count, the result would be the same under the reasoning of *Davis*, *supra*, 202 Cal.App.3d at page 1016. *Davis* involved inconsistent verdicts on the same count, not separate counts, as contemplated under section 954. (*Davis*, *supra*, at p. 1016.) The *Davis* court nonetheless recognized that when the jury is instructed on different crimes in a single count for which the defendant may be found guilty or not guilty, "the case is logically indistinguishable from a case in which a greater offense and a lesser included offense are charged in separate counts. [Citation.]" (*Ibid*.) Whether a not guilty verdict on a lesser included offense is treated as superfluous and therefore unnecessary and technically incorrect, or as a valid verdict to which the court is to give effect despite its inconsistency with another verdict, the result is the same: the not guilty verdict on the lesser included offense has no effect on the guilty verdict for the greater crime, so long as there is sufficient evidence to support the conviction. (*Ibid*.)

IV.

DISPOSITION

Willard's convictions on counts 3 and 4 are reversed as duplicative of his convictions in counts 2 and 1, respectively. Willard's conviction on count 1 is affirmed.[7] The trial court is directed to prepare an amended abstract of judgment, and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

 

AARON, J.

WE CONCUR:


McDONALD, Acting P. J.


O'ROURKE, J.

---

[7] Willard does not challenge his conviction on count 2 in this appeal. His conviction on that count therefore stands.