Filed 11/18/20  P. v. Glawson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C091989 |
| Plaintiff and Respondent, | (Super. Ct. No. CR195926) |
| v. | |
| KEVIN SCOTT GLAWSON, | |
| Defendant and Appellant. | |

Defendant Kevin Scott Glawson was a passenger in a truck when the driver was pulled over.  The driver consented to a search of his person, which revealed a methamphetamine pipe.  The officer asked defendant's permission to search defendant's person; defendant refused.  The officer nonetheless searched defendant and discovered a methamphetamine pipe in defendant's pocket and a shard of methamphetamine in his waistband.  The officer then searched the truck and found methamphetamine and heroin in amounts consistent with drug sales in a bag on the passenger's side where defendant

was sitting. Defendant sought to suppress the evidence discovered during both the search of his person and the truck, but the motion and his renewed motion were denied. Defendant pled no contest to transportation of a controlled substance in exchange for an agreed-upon sentence of two years.

On appeal, defendant challenges the trial court's denial of his motion to suppress. As we understand defendant's argument, which is somewhat confusing, he seeks to exclude the evidence obtained from the search of his person because he did not consent to the search and of the bag in the truck because, in his opinion, such evidence was fruit of the unconstitutional patsearch of his person.

We conclude the officer had probable cause to search the truck and the bag found therein when he found the methamphetamine pipe on the driver, who consented to the search of his person. The evidence from the search of the bag in the truck was thus admissible. We further conclude there is substantial evidence to support the magistrate's implied factual finding the officer would have searched the truck notwithstanding he searched defendant first. Based on our independent review, and considering the magistrate's factual findings, we conclude the evidence obtained from the search of defendant's person was admissible under the doctrine of inevitable discovery.

We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The testimony of City of Davis Police Officer Matthew Milliron during defendant's preliminary examination established the following events.

Officer Milliron is an experienced law enforcement officer, specializing in narcotics. Based on his experience in the west end of the City of Davis (city), Officer Milliron testified it is "extremely common to see [narcotics] transactions" in strip mall parking lots in the city.

While on patrol in the city on November 20, 2019, Officer Milliron witnessed a pickup truck sitting in a strip mall parking lot. The truck's occupants appeared to be

2

engaged in a conversation with occupants of another vehicle, consistent with narcotics transactions in the city. Officer Milliron decided to take a closer look and, as he turned back, he witnessed the other vehicle leave the parking lot, while the truck drove through the parking lot before leaving out of a different exit. Further investigation revealed the truck's registration was expired, despite having a current registration sticker on the license plate. At that point, Officer Milliron prepared to make a traffic stop.

After stopping the truck and questioning the driver, Officer Milliron determined the driver was the truck's registered owner, who had borrowed the registration tags from a friend. There was one passenger in the truck, defendant. Officer Milliron ran the identifications of both the driver and defendant and asked the driver to step out of the truck to conduct a search. The driver complied and consented to being searched. The search produced a glass methamphetamine pipe. The driver told Officer Milliron he was a methamphetamine user.

Officer Milliron asked defendant's permission to search his person; defendant refused. Officer Milliron nonetheless conducted the search and advised defendant he was being patted down "for weapons as [he] was going to have [defendant] sit next to [the driver] unhandcuffed and unrestrained on the curb behind the [truck]." The search yielded a methamphetamine pipe in one of defendant's pockets and a shard of what appeared to be methamphetamine in defendant's waistband. Officer Milliron performed a field test and confirmed the substance was methamphetamine and it weighed 112 grams, consistent with an amount for sale, rather than personal use.

After searching defendant, Officer Milliron searched the truck. The search revealed a "small bag between the passenger's seat and the passenger door" where defendant had been sitting. The bag contained "1 gram of heroin, and 5.5 grams of methamphetamine." When Officer Milliron questioned the driver about his knowledge of the drugs, the driver said "he picked up [defendant] in Sacramento and was giving him a

3

ride . . . . and then [defendant] offered to get him high for that transportation." Officer Milliron arrested defendant and let the driver go.

Defendant filed a motion to suppress the evidence discovered on his person and during the search of the truck. In support of this motion, defendant asserted the pipe and shard of methamphetamine were the product of an unreasonable patsearch of his person and the drugs found in the truck were the fruit of that unlawful search. After reviewing the testimony, the magistrate determined, on balance, the totality of the circumstances indicated the officer had probable cause to conduct the search of the truck once he found drug paraphernalia on the driver. The magistrate initially stated he was not certain whether the officer would have searched the truck in the absence of searching defendant, but ultimately determined the drugs found as a result of the search of the truck would have inevitably led to a search of defendant because of the location of the drugs within the truck. As such, the magistrate found the drugs on defendant's person would have inevitably been discovered regardless of the Fourth Amendment violation and denied the motion to suppress.

Defendant's renewed motion to suppress was also denied. The trial court found the search of the truck and the bag therein was lawful under the automobile exception once Officer Milliron found drug paraphernalia on the driver. The trial court further found the inevitable discovery doctrine applied because only in "some alternative universe would an officer who finds paraphernalia of a controlled substance on the owner of the car not at some point intend to search that car."

Defendant waived his constitutional rights and pled no contest to transportation of a controlled substance in violation of Health and Safety Code section 11379, subdivision (a), in exchange for an agreed-upon sentence of two years. Defendant subsequently filed a timely notice of appeal.

4

DISCUSSION

The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures. (U.S. Const., 4th Amend.) Warrantless searches and seizures are per se unreasonable, "subject only to a few specifically established and well-delineated exceptions." (*Katz v. United States* (1967) 389 U.S. 347, 357 [19 L.Ed.2d 576, 585].) A warrantless search is constitutional when the circumstances make it reasonable, within the meaning of the Fourth Amendment, to dispense with the warrant requirement. (*Kentucky v. King* (2011) 563 U.S. 452, 462 [179 L.Ed.2d 865, 876].) Specifically, a warrantless search is permissible if the search is supported by probable cause. (*United States v. Ross* (1982) 456 U.S. 798, 806-807 [72 L.Ed.2d 572, 582-583].) Probable cause for a search exists when there is a fair probability contraband or evidence of a crime will be found in a particular place. (*Id*. at pp. 807-808 [72 L.Ed.2d at p. 583].)

The Fourth Amendment " 'is silent as to how the right is to be enforced.' " (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1219-1220.) As such, the Supreme Court " 'created the exclusionary rule, a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation.' " (*Id.* at p. 1220.) The exclusionary rule is, however, subject to exceptions.

One such exception is the doctrine of inevitable discovery, which provides that, if the prosecution meets its burden of establishing by a preponderance of the evidence the information ultimately or inevitably would have been discovered by lawful means, the evidence is admissible. (*Nix v. Williams* (1984) 467 U.S. 431, 444 [81 L.Ed.2d 377, 387].) The appropriate "test is not one of certainty, but rather of reasonably strong probability." (*People v. Tye* (1984) 160 Cal.App.3d 796, 800.) Still, the prosecution's showing must not be based on speculation, but instead on " 'demonstrated historical facts capable of ready verification or impeachment.' " (*People v. Cervantes* (2017) 11 Cal.App.5th 860, 872.) The exception requires the " 'court to determine, viewing affairs as they existed the instant before the unlawful search, what *would have happened* had the

5

unlawful search never occurred.' " (*U.S. v. Eng* (2d Cir. 1993) 997 F.2d 987, 990.) When there is a likelihood " 'usual and commonplace police investigative procedures' " would have led to inevitable discovery of the illegally obtained evidence irrespective of a Fourth Amendment violation, exclusion is not warranted. (*People v. Boyer* (1989) 48 Cal.3d 247, 278-279.) The purpose of the exception is "to prevent the setting aside of convictions that would have been obtained without police misconduct." (*People v. Robles* (2000) 23 Cal.4th 789, 800.)

Where, as here, a motion to suppress for a Fourth Amendment violation is submitted to the superior court on the preliminary examination transcript, "the appellate court disregards the findings of the superior court and reviews the determination of the magistrate who ruled on the motion to suppress, drawing all presumptions in favor of the factual determinations of the magistrate, upholding the magistrate's express or implied findings if they are supported by substantial evidence, and measuring the facts as found by the trier against the constitutional standard of reasonableness." (*People v. Thompson* (1990) 221 Cal.App.3d 923, 940.) Substantial evidence is evidence " 'of ponderable legal significance, . . . reasonable in nature, credible, and of solid value.' " (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873, italics omitted.) While we defer to the magistrate's factual findings if supported by substantial evidence, we exercise our own independent judgment in determining the legality of a search on the facts so found. (*People v. Glaser* (1995) 11 Cal.4th 354, 362; *People v. Woods* (1999) 21 Cal.4th 668, 673-674.)

I

*The Officer Had Probable Cause To Search The*

*Truck And The Bag Found Therein*

"[A] warrantless search of an automobile stopped by police officers who had probable cause to believe the vehicle contained contraband [i]s not unreasonable within the meaning of the Fourth Amendment." (*United States v. Ross*, *supra*, 456 U.S. at

6

p. 799 [72 L.Ed.2d at p. 578]; *Carroll v. United States* (1925) 267 U.S. 132, 149 [69 L.Ed. 543, 549].)  The police may search both the "automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." (*California v. Acevedo* (1991) 500 U.S. 565, 580 [114 L.Ed.2d 619, 634].)  This includes containers belonging to a passenger in the automobile.  (*Wyoming v. Houghton* (1999) 526 U.S. 295, 306-307 [143 L.Ed.2d 408, 418-419].)

Here, Officer Milliron found a methamphetamine pipe on the driver and the driver admitted to being a methamphetamine user.  These facts provided probable cause for Officer Milliron to conduct a search of the truck and the bag found therein.  (See *Florida v. Harris* (2013) 568 U.S. 237, 243 [185 L.Ed.2d 61, 67]  ["A police officer has probable cause to conduct a search when 'the facts available to [him] would "warrant a [person] of reasonable caution in the belief" that contraband or evidence of a crime is present' "].)  As such, the search of the truck and the bag therein did not violate the Fourth Amendment and the evidence obtained from that search was admissible.

II

*The Inevitable Discovery Doctrine Applies To The Search Of Defendant's Person*

The parties agree, and we concur, the original patsearch of defendant was unconstitutional.  An officer may subject a defendant to a patsearch for weapons only if there are specific and articulable facts which, taken together with rational inferences from those facts, would lead a reasonably prudent officer under the circumstances to believe the defendant may be armed and dangerous.  (*Arizona v. Johnson* (2009) 555 U.S. 323, 326-327 [172 L.Ed.2d 694, 700]; *Ybarra v. Illinois* (1979) 444 U.S. 85, 92-94 [62 L.Ed.2d 238, 246-247]; *People v. Superior Court* (1972) 7 Cal.3d 186, 206.)  There were no such facts here.  Thus, under the facts of this case, the evidence obtained from the search of defendant's person would be inadmissible unless the inevitable discovery doctrine applies.

7

Defendant argues the magistrate's implied finding Officer Milliron would have searched the truck irrespective of searching defendant first is not supported by substantial evidence because Officer Milliron did not affirmatively testify he would have done so. Thus, in defendant's view, the inevitable discovery doctrine does not apply because the officer would not have discovered the pipe and shard of methamphetamine through lawful means. The People disagree, asserting the magistrate's implied finding is supported by substantial evidence and, because the bag with drugs found on the passenger's side of the truck would have inevitably led to a search of defendant's person, the motion to suppress was appropriately denied. We agree with the People.

Substantial evidence supports the magistrate's implied finding Officer Milliron would have searched the truck irrespective of searching defendant first. Officer Milliron is an experienced *narcotics* investigator familiar with narcotics activity in the city, specifically in strip mall parking lots. He followed the truck in which defendant was a passenger *because he believed a narcotics deal had occurred in the strip mall parking lot*. His suspicions were confirmed when he searched the driver of the truck. After finding drug paraphernalia on the driver, who also admitted to using methamphetamine, Officer Milliron did not cease his investigation. He told defendant he was going to pat him down for weapons and then have him sit next to the driver, unhandcuffed and unrestrained on the curb behind the truck. At that point, Officer Milliron had already run a search of the identifications of both the driver and defendant; the only thing left to investigate was the truck, and Officer Milliron had probable cause to conduct such a search. When we look to historical facts in the record, we do not " ' "leave [our] common sense at the door." ' " (*People v. Cervantes*, *supra*, 11 Cal.App.5th at p. 872.) The foregoing facts provide substantial evidence to support the magistrate's implied finding Officer Milliron intended to search the truck before he searched defendant's person. (See *id.* at p. 874 [happenstance of sequence of events is not controlling in

applying the inevitable discovery doctrine].)  That Officer Milliron did not affirmatively testify to this fact does not change the substantial evidence calculus.

The search of the truck would have resulted in defendant's arrest because the bag with drugs in amounts consistent with drug sales was found on the passenger's side of the truck where defendant had been sitting and the driver confirmed the drugs in the bag belonged to defendant.  (See *People v. Harris* (1975) 15 Cal.3d 384, 389 ["Cause for arrest exists when the facts known to the arresting officer 'would lead a [person] of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime' "].)  Pursuant to defendant's arrest, Officer Milliron could have searched defendant's person.  (*Rawlings v. Kentucky* (1980) 448 U.S. 98, 111 [65 L.Ed.2d 633, 645-646]; *United States v. Robinson* (1973) 414 U.S. 218, 235-236 [38 L.Ed.2d 427, 440-441]; *People v. Avila* (1997) 58 Cal.App.4th 1069, 1075.)  A search incident to arrest would have led to the discovery of the methamphetamine in defendant's waistband.  We thus conclude the motion to suppress was properly denied.

                                        DISPOSITION

The judgment is affirmed.


                                                    /s/
                                                    Robie, Acting P. J.


We concur:



/s/
Mauro, J.



/s/
Hoch, J.


9