[Crim. No. 19710. Apr. 26, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
LONNIE GENE CHAPMAN, Defendant and Appellant.

**COUNSEL**

Charles H. Harris for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and M. Howard Wayne, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MOSK, J.—On December 31, 1975, judgment was entered on defendant's plea of guilty to possession of marijuana (Health & Saf. Code, § 11357); imposition of sentence was suspended and defendant was placed on probation for three years, conditioned on confinement in jail for four months. On January 2, 1976, defendant filed a motion in superior court for an order to destroy the records of his conviction pursuant to former Health and Safety Code section 11361.5, subdivision (b) (Stats. 1975, ch. 248, § 4, p. 643). On February 20, 1976, the court denied the motion. Defendant appealed from the judgment (order granting probation), attacking only the ruling on his motion to destroy records. Execution of the judgment was stayed pending the appeal.

■ For the reasons stated in part II of our opinion in *Younger* v. *Superior Court, ante,* pages 102, 111 [145 Cal.Rptr. 674, 577 P.2d 1014], former Health and Safety Code section 11361.5, subdivision (b), did not apply to a conviction that remained subject to review on appeal or was the basis of conditions of probation that had not been fulfilled. Accordingly, defendant's motion was properly denied.

■ Defendant is, however, entitled to modification of the probation order as a result of an amendment of section 11357 making his offense punishable on and after January 1, 1976, only as a misdemeanor. (Stats. 1975, ch. 248, § 2, p. 641.) Because his conviction was not final when that legislation took effect on January 1, 1976, the amendment applies insofar as possible to defendant's case under the rule of *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948]. One of the conditions of defendant's probation is that he "Register per 11590 H & S." Section 11590 of the Health and Safety Code requires persons convicted of certain drug offenses to register with the head of the local law enforcement agency of the city or county of their residence. The section is by its terms (*id.,* subd. (c)) inapplicable to a misdemeanor conviction under section 11357, and therefore can no longer be applied in the present case.

The judgment (order granting probation) is modified by striking the language, "Register per 11590 H & S," and otherwise is affirmed.

Bird, C. J., Tobriner, J., Clark, J., Richardson, J., Manuel, J., and Sullivan, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.