[No. C004811. Third Dist. July 31, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
NICHOLAS CARDOZA BRUN, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

* Pursuant to California Rules of Court, rule 976.1, all portions of this opinion are certified for publication except Facts Concerning the Motion to Suppress and part I of the Discussion.

**COUNSEL**

Janice M. Lagerlof, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gary A. Binkerd and Joel Carey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SIMS, J.**—Defendant pled no contest to charges of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and carrying a concealed

weapon (Pen. Code, § 12025, subd. (b)) and was placed on probation. He appeals from the order of probation contending the trial court erred in denying his motion to suppress evidence and in imposing a condition of probation requiring him to register with law enforcement officials as a narcotics offender. In an unpublished portion of this opinion, we conclude the suppression motion was properly denied. In this published portion, we hold that the registration requirement was improperly imposed as a condition of probation.

FACTS CONCERNING THE MOTION TO SUPPRESS*

. . . . . . . . . . . . . . . . . . .

DISCUSSION

I*

. . . . . . . . . . . . . . . . . . .

II

*The Condition of Probation Requiring Registration*

██ The challenged condition of probation states, "Defendant shall register under the provisions of Section 11590 of the Health and Safety Code . . . ." That section requires persons convicted of certain drug-related offenses to register with law enforcement officials where the offender resides or stays.[1] However, defendant correctly points out he was convicted under section 11378 of the Health and Safety Code, and section 11590 does not by its terms require registration following a conviction for violation of section 11378. (Health & Saf. Code, § 11590, subd. (a); further statutory references are to this code unless otherwise indicated.) Defendant argues it was therefore improper for the trial court to impose the registration condition.

---

*See footnote, *ante*, page 951.

[1] Health and Safety Code, section 11590 provides in relevant part: "(a) Any person who . . . is convicted . . . of any offense defined in Section 11350, 11351, 11351.5, 11352, 11353, 11353.5, 11354, 11355, 11357, 11358, 11359, 11360, 11361, 11363, 11366, 11368, or 11550 . . . shall . . . within 30 days of his or her coming into any county or city, or city and county in which he or she resides or is temporarily domiciled for that length of time, register with the chief of police of the city in which he or she resides or the sheriff of the county if he or she resides in an unincorporated area."

We agree. Even though defendant accepted the condition of probation, he may challenge it in this court on the ground its imposition exceeds the statutory authority of the trial court. (See *People* v. *Chapman* (1978) 21 Cal.3d 124 [145 Cal.Rptr. 672, 577 P.2d 1012].) The Legislature specifically enumerated within section 11590 those particular offenses for which it deemed registration appropriate; violation of section 11378 is not enumerated. It is a long-standing rule of statutory construction that the expression of certain things in a statute necessarily involves exclusion of other things not expressed.[2] (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1391, fn. 13 [241 Cal.Rptr. 67, 743 P.2d 1323].) In section 11590 the Legislature has expressed an intent to differentiate between different drug-related crimes and to require registration only for designated ones. Had the Legislature intended to require all drug offenders to register, it could have drafted the statute to accomplish that purpose. The sentencing court is therefore not free to impose registration under section 11590 for convictions of crimes not listed in the statute. If it were otherwise, every sentencing court could nullify the Legislature's decision to treat convictions for different crimes in a different manner.

A similar principle has been applied in the context of interpreting the sex offender registration statute, Penal Code section 290.[3] Because registration is a highly onerous requirement, persons convicted of sex offenses not listed in section 290 may not be required to register under that statute as a condition of probation. (*People* v. *Tye* (1984) 160 Cal.App.3d 796, 802-803 [206 Cal.Rptr. 813].)

In this case, we have no occasion to determine whether a trial court might properly impose a condition of probation requiring a defendant convicted of violation of section 11378 to report his address to a local police department informally and without regard to the requirements of section 11590. Here, the condition of probation expressly required registration under section 11590. That statutory registration triggers associated statutory obligations, such as furnishing fingerprints and photographs to the Depart-

---

[2] Sometimes expressed as *expressio unius est exclusio alterius.*

[3] Penal Code, section 290, provides in relevant part: "(a) Any person who . . . has been or is hereafter convicted in this state of the offense of assault with intent to commit rape or sodomy under Section 220, or of any offense defined in subdivisions (1), (2), (3), (4), and (6) of Section 261, or of any offense defined in Section 264.1, 266, 267, 285, 286, 288, 288a, 289, or 647.6 or former Section 647a, subdivision (d) of Section 647, or subdivision 1 or 2 of Section 314, or of any offense involving lewd and lascivious conduct under Section 272; or any person who since that date has been or is hereafter convicted of the attempt to commit any of the above-mentioned offenses . . . shall . . . within 14 days of coming into any county or city, or city and county in which he or she temporarily resides or is domiciled for that length of time register with the chief of police of the city in which he or she is domiciled or the sheriff of the county if he or she is domiciled in an unincorporated area."

ment of Justice. (§ 11594.) Moreover, a knowing violation of the registration requirements is a misdemeanor. (*Ibid.*) The trial court could not subject defendant to these specific statutory obligations and disabilities where the Legislature, by its omission of defendant's crime from section 11590, has manifested an intent that registration is not required. (See *People* v. *Chapman, supra,* 21 Cal.3d at p. 126.)

The trial court erred in imposing a condition of probation requiring defendant to register under section 11590. The order granting probation is modified by striking the aforementioned condition.

### DISPOSITION

As modified, the judgment (order) is affirmed.

Puglia, P. J., and DeCristoforo, J., concurred.