Filed 9/29/15  P. v. Bond CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM ANTHONY BOND,<br><br>        Defendant and Appellant. | A143773<br><br>(Lake County Super. Ct.<br> No. CR935117) |

Appellant William Anthony Bond, was on June 19, 2014, charged by information with transportation of methamphetamine, possession of methamphetamine for sale, and possession of methamphetamine.  (Health & Saf. Code, §§ 11379, subd. (a), 11378, 11377, subd. (a).)[1]  The information also alleged appellant had served two prior prison terms.  On July 8, 2014 appellant entered a plea of not guilty.

On September 24, 2014, after appellant's motion to suppress all evidence obtained during a traffic stop had been denied, appellant pled no contest to transporting methamphetamine in violation of section 11379, subdivision (a), and admitted one prior prison term within the meaning of Penal Code section 667.5, subdivision (b).  The remaining counts and enhancements were dismissed.

On December 6, 2014, the court sentenced appellant to the upper term of four years, plus a one-year enhancement for the prior prison term, for a total sentence of five years.  The clerk's minute order dated December 9, 2014, states that appellant was

---

[1] Unless otherwise indicated, all statutory references are to the Health and Safety Code.

1

directed to comply with the narcotic offender registration requirement authorized by section 11590, although no such requirement was orally imposed at the sentencing hearing.

The minute order also erroneously stated that appellant pled guilty to violation of subdivision (a) of section 11397, rather than section 11379, which describes the offense to which he actually pled guilty.  Additionally, the clerk's minutes attributed the total 516 days of presentence credits awarded appellant only to custody and conduct credits, erroneously failing to attribute 129 days of the total 516 days to work credit.

Timely notice of this appeal was filed on December 12, 2014.

Appellant, who does not challenge the validity of his plea, raises two related issues pertaining only to the sentence imposed on the basis of the plea:  namely, that (1) the narcotic offender registration requirement must be stricken because it is not applicable to violation of section 11379, subdivision (a), even apart from the fact the trial court did not orally impose that requirement at sentencing, and (2) the court's minute order must be corrected to indicate appellant was convicted of violation of section 11379, subdivision (a), and accurately set forth the calculation of presentence credits.

The Attorney General agrees with both contentions, as we do, and we shall therefore affirm the judgment with the necessary modifications.

Because the issues presented are unrelated to the facts of the case—which were elicited only in connection with the motion to suppress, because there was no preliminary hearing or trial—it is unnecessary to describe them at length.  It suffices to note that when the court asked for a factual basis for the plea, the prosecutor stated, and appellant agreed, to the following representation:  "On March 27, 2014, law enforcement deputy sheriff Aaron Clark conducted a traffic stop of . . . the vehicle the defendant was driving, on Highway 29.  That was in Lake County.  The defendant had approximately 20 grams of methamphetamine on his person.  The methamphetamine being transported was for purposes of sale and was in a usable amount of methamphetamine."

## DISCUSSION

The first paragraph of subdivision (a) of section 11590 requires persons convicted of specified violations of the Health and Safety Code to "register with the chief of police of the city in which he or she resides or the sheriff of the county in which he or she resides in an unincorporated area." The second paragraph provides that "For persons convicted of an offense defined in Section 11379 or 11379.5, this subdivision shall not apply if the conviction was for transporting, offering to transport, or attempting to transport a controlled substance."

The odd factor in this case is that, as the parties agree and the record demonstrates, appellant was convicted of "transportation, offering to transport, or attempting to transport a controlled substance" in violation of section 11379, subdivision (a), which statute defines "transport" as "transport *for sale*" (*id*. subd. (c), italics added), though the charge of possession of a controlled substance for sale, in violation of section 11378, was dismissed as part of the plea bargain. Moreover, as earlier noted, in response to the trial court's request for a representation as to the factual basis for appellant's plea, the district attorney represented, among other things, that "[t]he methamphetamine being transported was for purposes of sale . . . ."

The anomaly is that appellant was convicted of the offense of transporting methamphetamine for sale, for which registration is not required, but the charge of possessing methamphetamine for sale, for which registration would be required, was dismissed.

Appellant maintains that " '[b]ecause registration is an onerous burden that may result in a separate misdemeanor offense for noncompliance, a registration requirement may not be imposed upon persons not specifically described in the [registration] statute.' (*People v. Martinez* (2004) 116 Cal.App.4th 753, 760.)" Thus where, like here, the trial court imposes a narcotics registration for an offense specifically exempted from registration, it has imposed an unauthorized sentence that must be stricken on appeal. (See *People v. Brun* (1989) 212 Cal.App.3d 951, 954 ["Even though defendant accepted

3

the [registration as a] condition of probation, he [could] challenge it in [the Court of Appeal] on the ground imposition exceed[ed] the statutory authority of the trial court"].)

The Attorney General agrees the registration requirement was statutorily unauthorized. As she states, because appellant was convicted of transporting methamphetamine, "[t]he narcotics offender registration requirement of . . . section 11590 does not, by its terms, apply to him. The narcotics offender registration requirement should, therefore, be stricken from the clerk's minute order." (See *In re Luisa Z.* (2000) 78 Cal.App.4th 978; *People v. Brun, supra*, 212 Cal.App.3d at pp. 953-955.)

The parties are correct that imposition on appellant of the registration requirement specified by section 11590 is unauthorized by that statute.

We also agree with the parties that where, as here, the record of oral pronouncement of a sentence conflicts with the clerk's minutes, the oral pronouncement controls. (*People v. Farrell* (2002) 28 Cal.4th 381, 384, fn. 2.) Any such conflict is presumed to be a clerical error in the clerk's transcript, and a court possesses the authority to correct clerical errors at any time. (*Ibid*.; *People v. Mitchell* (2001) 26 Cal.4th 181, 185-187.)

Because the registration requirement of section 11590 does not apply to appellant and was never orally imposed on him by the court, the statement in the December 9, 2014 clerk's minutes that it was imposed constitutes clerical error. The minutes must be corrected by striking the statement that appellant was ordered to comply with the narcotic offender registration requirement pursuant to section 11590.

Appellant contends the clerk's minutes also contain two additional clerical errors that must also be corrected. First, appellant pled guilty to violation of section *11379*, subdivision (a), not section *11397*, subdivision (a), as stated in the clerk's minutes. Second, the court awarded appellant 258 days of credit for time served pursuant to Penal Code section 2900.5, as well as 129 days of work credits pursuant to Penal Code section 4019, subdivision (c), and 129 days of conduct credits pursuant to Penal Code section 4019, subdivision (c), for a total of 516 days. While the minute order correctly lists the

4

total number of credits as 516 days, it indicates that they consist only of credits for time served and conduct credits, erroneously omitting the fact that the total also includes 129 days of work credits.

The Attorney General agrees with appellant, as we do, that the foregoing errors are also clerical, and the minute order should also be corrected by stating (1) that appellant was convicted of violation of Health and Safety Code section 11379, subdivision (a), and (2) that appellant was awarded 258 days of credit for time served pursuant to Penal Code section 2900.5, 129 days of work credit pursuant to Penal Code section 4019, subdivision (c), and an additional 129 days of conduct credit also pursuant to Penal Code section 4019, subdivision (c).

## DISPOSITION

The trial court is ordered to amend the clerk's minutes of its December 9, 2014 sentencing hearing so that it conforms to the directives of this opinion.

In addition, the court is ordered to prepare an amended abstract of judgment stating that appellant is entitled to 258 days credit for time served pursuant to Penal Code section 2900.5, plus 129 days of work credit pursuant to Penal Code section 4019, subdivision (c), plus 129 days of conduct credit also pursuant to Penal Code section 4019, subdivision (c). The amended abstract of judgment shall be sent to the Department of Corrections and Rehabilitation.

In all other respects the judgment is affirmed.

5

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Miller, J.