Filed 4/5/16  P. v. Erro CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051430 |
| v. | (Super. Ct. No. 14HF0928) |
| ANDREW JULIAN ERRO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Commissioner.  Affirmed in part, reversed in part, and remanded with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Andrew Julian Erro appeals from a Proposition 47 resentencing order. He contends the court should not have imposed parole, or should have imposed a shorter parole period. He also asserts the court should have: applied his excess custody credits to his parole period and eligible fines; reduced his restitution and parole revocation fines; and stricken his controlled substance offender registration requirement.

We conclude the court correctly imposed parole and defendant forfeited his restitution and parole revocation fines claim. However, we agree the court was required to ensure the parole period did not exceed his original sentence, and to apply his excess custody credits to the parole period and any eligible fines. Finally, the controlled substance offender registration requirement has been vacated so that issue is moot.

## FACTS AND PROCEDURAL HISTORY

In May 2014, defendant pled guilty to felony possession of methamphetamine (count 1), and misdemeanor possession of controlled substance paraphernalia (count 2), and admitted various prior conviction allegations. The court sentenced him to 16 months in prison on count 1, suspended imposition of sentence on count 2, awarded him 146 days custody credit, and ordered him to pay a certain mandatory fines and to register as a controlled substance offender.

In January 2015, defendant filed an application to recall his sentence under Penal Code section 1170.18, subdivision (a) (all subsequent undesignated statutory references are to this code) or, in the alternative, to redesignate his felony conviction on count 1 as a misdemeanor under section 1170.18, subdivision (f). The court denied relief under subdivision (f) on the grounds defendant was then on post-release community supervision (PRCS) and thus was still serving his original sentence. But the court granted relief under subdivision (a), reduced defendant's felony conviction on count 1 to a misdemeanor, resentenced him to 365 days in county jail, awarded him 365 days credit for time served and, over his objection, placed him on one year of parole under section 1170.18, subdivision (d).

2

On October 14, 2015, after defendant filed a notice of appeal, the court issued an order stating: "1. The sentence for Count 1 is changed to 364 days. [¶] 2. Defendant's total credits are changed to 16 months. [¶] 3. Since Defendant's total credits of 16 months exceed the confinement time, Defendant's parole period is reduced to 8 months (as to this matter). [¶] 4. The registration requirement under section 11590 of the Health and Safety Code is vacated for this matter." On November 17, 2015, we granted his unopposed motion to augment the record to include this order.

**DISCUSSION**

*1. Parts of The October 14 Order Are Void.*

While we salute the court's initiative in changing defendant's custody credits and reducing his parole period, we believe it lacked jurisdiction to do so after the notice of appeal was filed. Section 1237.1 gives trial courts concurrent jurisdiction to correct the calculation of presentence credits while an appeal is pending, but it applies only to mathematical or clerical mistakes, not substantive issues like these. (*People v. Delgado* (2012) 210 Cal.App.4th 761.) So those parts of the October 14 order are void.[1]

*2. Defendant Was "Currently Serving a Sentence" Because He Was On PRCS.*

Defendant first argues being on PRCS is not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a). Citing rules of statutory interpretation and *People v. Nuckles* (2013) 56 Cal.4th 601, he claims the word "sentence" in the phrase "currently serving a sentence" excludes time spent on parole or PRCS. Thus, he contends the court should not have imposed parole at all. We disagree.

---

[1] The other parts of the October 14 order are valid, despite the pending appeal, because they corrected portions of the original resentencing order which were unauthorized. (*People v, Cunningham* (2001) 25 Cal.4th 926, 1044; § 18.5 [offense punishable by imprisonment in a county jail not to exceed 364 days]; Health & Saf. Code, § 11590, subd. (c) [registration requirement does not apply to a misdemeanor conviction under Health & Saf. Code, § 11377]).

We continue to adhere to the position this court first articulated in *People v. Morales* (2015) 238 Cal.App.4th 42, review granted August 26, 2015, S228030 (*Morales*); and later reaffirmed in *People v. Pinon* (2015) 238 Cal.App.4th 1232 (*Pinon*): that a defendant serving a term of PRCS is still serving a sentence under section 1170.18, subdivision (a).  Therefore, we conclude the court here correctly imposed parole, after recalling defendant's felony sentence and giving him a misdemeanor sentence instead.

*3.  Defendant's Parole Period May Not Extend Beyond His PRCS Termination Date.*

Defendant next contends imposition of a parole period extending beyond the expiration of his PRCS period violated section 1170.18, subdivision (e), which states, "Under no circumstances may resentencing . . . result in the imposition of a term longer than the original sentence."  We agree.

"[T]he word 'term' in subdivision (e) [refers] to either a term of jail or a term of parole, such that the court may not impose a parole term that exceeds the scheduled end date of the defendant's PRCS."  (*Pinon*, *supra*, 238 Cal.App.4th at pp. 1236-1238.)  Hence, if the new parole period extended beyond the scheduled termination date of defendant's PRCS, the court erred.  Consequently here, as in *Pinon*, we will remand, "for the trial court to adjust defendant's maximum parole date to correspond to the scheduled conclusion of defendant's PRCS."  (*Id*. at p. 1238.)

*4.  Defendant's Excess Custody Credits Must Be Applied To Reduce His Parole Period.*

Defendant also maintains that to the extent his custody credits exceeded those applied to his county jail sentence the court should have applied those excess custody credits to his parole period and any eligible fines.  While these issues seem relatively straightforward, they have generated a rift in the Courts of Appeal.

In *Morales*, decided on June 26, 2015, this court held defendants are entitled to have their excess custody credits counted toward their period of parole and eligible fines.  A month later, the Supreme Court granted review of *Morales,* as well as in *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted August 26, 2015,

4

S227964, a decision from the Second District which reached the opposite conclusion from *Morales* on the credits issue. However, the split reemerged after the Second District reaffirmed the holding of *Hickman* in *People v. McCoy* (2015) 239 Cal.App.4th 431, review granted October 14, 2015, S229296, and this court reaffirmed the holding of *Morales* in *People v. Armogeda* (2015) 240 Cal.App.4th 1039, review granted December 9, 2015, S230374 (*Armogeda*).

Based on the foregoing, it is apparent the California Supreme Court is going to resolve these issues. And of course when it does, its ruling will be dispositive. Nevertheless, we still have to decide this case, and we continue to adhere to the position this court originally expounded in *Morales* and subsequently reiterated in *Armogeda*: that a defendant seeking resentencing under Proposition 47 is entitled to have any excess custody credits applied to the parole period; and those excess credits should also be used to reduce the amount of any eligible fines. Accordingly, the court erred in failing to apply defendant's excess custody credits to his parole period and any eligible fines.

*5. Defendant's Restitution and Parole Revocation Fine Claim Has Been Forfeited.*

Defendant avers the court should have reduced his restitution and PRCS revocation fines, from the $300 minimum for a felony committed in 2014, to the $150 minimum for a misdemeanor committed that year. (§§ 1202.4, subd. (b)(1), 1202.44, 1202.45, subds. (a) & (b)). However, the maximum for a misdemeanor committed that year was $1,000. (*Ibid*.) Thus, the $300 fines originally imposed were not unauthorized, even for a misdemeanor, and in any event defendant has forfeited the issue because he failed to object below. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

*6. Defendant's Controlled Substance Offender Registration Claim Is Moot.*

Finally, defendant asserts the order requiring him to register as a controlled substance offender must be stricken. He argues the registration order exceeded the court's statutory authority after count 1 was reduced to a misdemeanor, and thus constituted an unauthorized sentence, which may be challenged despite failing to raise

5

the issue at the resentencing hearing.  The Attorney General argues defendant has forfeited the issue.  We agree with defendant.  The court lacked statutory authority to order registration after count 1 was reduced to a misdemeanor (Health & Saf. Code, § 11590, subd. (c)), and defendant did not forfeit the issue by his failure to object at the resentencing hearing.  (See *People v. Brun* (1989) 212 Cal.App.3d 951, 954.)  But since the court's October 14 order vacated the registration requirement, the issue is now moot.

## DISPOSITION

The portions of the original resentencing order reducing count 1 to a misdemeanor, sentencing defendant to county jail and placing defendant on parole are affirmed, as modified by the portions of the October 14, 2015 order reducing the county jail term from 365 to 364 days and vacating the controlled substance offender registration requirement.  The portion of the original resentencing order fixing a one-year parole period is reversed, and the matter is remanded with directions for the trial court to recalculate defendant's maximum parole period, which shall not extend beyond the last day of his former PRCS period.  The trial court shall also recalculate and apply any excess custody credits first to the maximum parole period and then to any eligible fines.


THOMPSON, J.

WE CONCUR:


MOORE, ACTING P. J.


ARONSON, J.

6