Filed 4/29/16  P. v. Kelly CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063517 |
| v. | (Super.Ct.No. FVI023793) |
| JERRY DEAN KELLY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Andrew Mestman and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Jerry Dean Kelly pleaded guilty to one felony count of receiving a stolen motor vehicle in violation of Penal Code section 496d, subdivision (a), and admitted to suffering a prior conviction for robbery in violation of Penal Code section 211. The trial court sentenced defendant to the upper term of three years for the conviction, doubled pursuant to the one strike law (Pen. Code, §§ 1170.12, subd. (c)(1), 667, subd. (e)(1)), for a total term of six years in state prison. More than eight years later, the voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which reduced certain property and drug offenses from felonies to misdemeanors and provides for resentencing of certain defendants currently serving felony sentences under prior law. Defendant, who was still in custody, petitioned the trial court pursuant to Proposition 47 to reduce his conviction to a misdemeanor and to resentence him. The trial court denied the petition, ex parte, concluding defendant's conviction under Penal Code section 496d "does not qualify under Prop. 47."

On appeal, defendant contends that, although his conviction for receiving a stolen motor vehicle is not expressly mentioned or affected by the text of Proposition 47, the voters clearly intended a conviction for receiving a stolen motor vehicle with a value of no more than $950 to be eligible for resentencing. Assuming this court concludes otherwise, defendant argues excluding his conviction from relief under Proposition 47 violates his federal and state constitutional right to equal protection under the law.

Applying well-settled rules of statutory interpretation, we conclude a conviction for receiving a stolen motor vehicle in violation of Penal Code section 496d is not

2

governed by Proposition 47 even if it is worth $950 or less and, therefore, defendant was not entitled to have his conviction reduced to a misdemeanor and to be resentenced.

Moreover, we conclude there is a rational basis for distinguishing between a defendant convicted of receiving a stolen motor vehicle worth $950 or less in violation of Penal Code section 496d and a defendant convicted of receiving stolen property worth no more than $950 in violation of Penal Code section 496 and, therefore, treating them differently for purposes of Proposition 47 does not offend equal protection principles. Therefore, we affirm.

I.

PROCEDURAL BACKGROUND

The People charged defendant by information with threatening to commit great bodily injury (Pen. Code, § 422), first degree residential burglary (Pen. Code, § 459), unlawfully driving or taking a motor vehicle (Veh. Code, § 10851, subd. (a)), and inflicting corporal injury on a former cohabitant (Pen. Code, § 273.5, subd. (a); unless otherwise indicated, all undesignated statutory references are to the Penal Code). The People also alleged defendant suffered two prior robbery convictions in violation of Penal Code section 211, which constituted serious or violent strikes.

On the day of trial, defendant entered into a plea agreement with the People. In exchange for dismissal of the four counts and one of the strike priors alleged in the information, defendant agreed to plead guilty to a new count of receiving a stolen motor vehicle in violation of section 496d, subdivision (a), to admit to suffering one strike

3

conviction, and to be sentenced to six years in state prison. The trial court accepted defendant's guilty plea and sentenced him forthwith.

After the voters adopted Proposition 47, defendant filed a petition requesting the trial court reduce his conviction for receiving a stolen motor vehicle to a misdemeanor and resentence defendant. The People's written opposition to the petition argued a conviction under section 496d "is not affected by Prop 47." In an ex parte order, the trial court agreed with the People and denied the petition, finding a conviction under section 496d, subdivision (a), "does not qualify under Prop. 47."

Defendant timely appealed.

II.

DISCUSSION

A.    *Proposition 47 Does Not Govern the Offense of Receiving a Stolen Motor Vehicle*

Defendant contends the trial court erred by denying his petition because the offense of receiving a stolen motor vehicle worth $950 or less, in violation of section 496d, subdivision (a), is eligible for reclassification and resentencing under Proposition 47. Whether Proposition 47 governs a conviction under section 496d when the value of the motor vehicle does not exceed $950 is currently pending before the California Supreme Court. (*People v. Garness* (2015) 241 Cal.App.4th 1370, review granted Jan. 27, 2016, S231031.) For the reasons stated below, we conclude it is not.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had

4

previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

The theft-related crimes enumerated in section 1170.18, subdivisions (a) and (b), that may be reclassified and resentenced as misdemeanors include: shoplifting where the value of the property does not exceed $950 (§ 459.5, subd. (a)); forgery of a document valued at $950 or less (§ 473, subd. (b)); issuing a check for $950 or less without sufficient funds (§ 476a, subd. (b)); petty theft of property worth $950 or less (§ 490.2, subd. (a)); receiving stolen property worth no more than $950 (§ 496, subd. (a)); and petty theft with a prior (§ 666, subd. (a)).

The crime of receiving a stolen motor vehicle in violation of section 496d is not enumerated under section 1170.18 as an offense that may be reclassified and resentenced as a misdemeanor, and Proposition 47 did not amend section 496d to make receipt of a stolen motor vehicle worth no more than $950 a misdemeanor. Instead, Proposition 47 left section 496d untouched, and the crime of receiving a stolen motor vehicle of any value is still punishable as a wobbler. (§ 496d, subd. (a).) Under settled principles of statutory construction, this should be the end of the analysis. "When we interpret an initiative, we apply the same principles governing statutory construction. We first

5

consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language." (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

Defendant concedes Proposition 47 did not amend section 496d to provide that receipt of a stolen motor vehicle worth $950 or less is a misdemeanor and did not expressly provide that such an offense is eligible for reclassification and resentencing under section 1170.18. Instead, defendant contends we must conclude the voters who adopted Proposition 47 *intended* to include receipt of a motor vehicle worth no more than $950 in the list of crimes that are now misdemeanors and that are eligible for reclassification and resentencing under section 1170.18. According to defendant, we may infer this intent from the amendment made by Proposition 47 to the crime of receipt of stolen property (§ 496), and from Proposition 47's creation of section 490.2, which defines the crime of petty theft as theft of property worth $950 or less. We are unpersuaded.

Proposition 47 expressly provides that receipt of stolen property worth $950 or less is now a misdemeanor. (§§ 496, subd. (a), 1170.18, subds (a), (b).) As noted *ante*, Proposition 47 left untouched section 496d and it did not list the crime of receiving a stolen motor vehicle worth $950 or less as an offense that may be reclassified and resentenced under section 1170.18. Nonetheless, because "[s]ections 496 and 496d are

6

identical offenses except that section 496 is the broader offense," defendant argues the fact he was convicted under the latter statute and not the former does not affect his eligibility for resentencing under section 1170.18. But sections 496 and 496d do not define identical crimes. Although section 496 broadly proscribes receipt of stolen property, the Legislature went to the trouble of enacting section 496d to address the more specific crime of receiving a stolen motor vehicle. Had the voters who adopted Proposition 47 wished to override the Legislature's intent of separating the crimes of receiving stolen property and receiving a stolen motor vehicle, at least with respect to receiving a stolen motor vehicle worth no more than $950, they could have easily done so by amending section 496d.

Defendant's argument with respect to section 490.2 fares no better. Under section 487, subdivision (d)(1), theft of a motor vehicle constitutes grand theft. Proposition 47 added section 490.2, subdivision (a), which provides, in pertinent part, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." Under defendant's reasoning, if the voters who adopted Proposition 47 intended stealing a motor vehicle worth $950 or less to be petty theft punishable as a misdemeanor, then surely those same voters must have intended receipt of a stolen motor vehicle worth no more than $950 to also be punishable as a misdemeanor. This argument must fail because section 490.2, subdivision (a), defines petty *theft* of property, including petty theft of a motor vehicle. It has nothing to

7

do with *receipt* of a stolen motor vehicle. Therefore, we cannot infer from the adoption of section 490.2 any intent on the part of the voters to alter the crime of receiving a stolen motor vehicle.

Defendant also contends we must interpret Proposition 47 to advance the voters' stated money saving goals. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 2, 3, subd. (6), p. 70, at <http://vig.cdn.sos.ca.gov/2014/general/pdf/complete-vig.pdf> [as of Apr. 29, 2016].) According to defendant, if we interpret Proposition 47 to exclude the offense of receiving a stolen motor vehicle worth $950 or less, we will thwart the fiscal intent of the voters. We disagree. Under the canon of statutory interpretation *expresio unius est exclusio alterius* (the expression of certain things necessarily excludes things not expressed), when the Legislature or voters expressly include certain criminal offenses in a statute, the legislative intent was to exclude offenses not mentioned. (*People v. Brun* (1989) 212 Cal.App.3d 951, 954.) Based on the plain language of Proposition 47, we must conclude the voters did not intend to address receipt of a stolen motor vehicle in violation of section 496d and, consequently, we must conclude the voters believed Proposition 47's money saving goals would be achieved notwithstanding exclusion of some theft related crimes such as receiving a stolen motor vehicle.

Finally, defendant argues the rule of lenity requires us to interpret Proposition 47 to govern receipt of a stolen motor vehicle worth $950 or less. Again, we disagree. The rule of lenity "'generally requires that "ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions

8

of interpretation. But . . . 'that rule applies "only if two reasonable interpretations of the statute stand in relative equipoise." [Citation.]' [Citations.]" [Citations.]' [Citation.] 'The rule of lenity does not apply every time there are two or more reasonable interpretations of a penal statute. [Citation.] Rather, the rule applies "'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.'" [Citations.]'" (*People v. Nuckles* (2013) 56 Cal.4th 601, 611.) We have already concluded there is no ambiguity in Proposition 47 with respect to receipt of a stolen motor vehicle worth $950 or less—it simply does not address the offense. Therefore, we have no occasion to apply the rule of lenity.

In sum, we conclude defendant's conviction for receiving a stolen motor vehicle in violation of section 469d, subdivision (a), is not eligible for reclassification and resentencing under Proposition 47 and, therefore, the trial court correctly denied defendant's petition.

B.  *Excluding the Offense of Receiving a Stolen Motor Vehicle Worth $950 or Less from Proposition 47 Does Not Violate Defendant's Equal Protection Rights*

Defendant argues excluding from relief under Proposition 47 the crime of receiving a stolen motor vehicle in violation of section 496d, when the vehicle is worth $950 or less, violates his right to equal protection under the law because similarly situated defendants convicted of receiving stolen property worth $950 or less in violation of section 496 are entitled to such relief. We disagree.

""""The concept of the equal protection of the laws compels recognition of the proposition that persons *similarly situated* with respect to the legitimate purpose of the law receive like treatment."" [Citation.] 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.' [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' [Citation.]" (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)

Defendant has not shown he is similarly situated with a defendant convicted of receiving stolen property worth $950 or less in violation of section 496. Defendant contends "there was no evidence that the value of the [stolen] car [he received] exceeded $950," but by the same token there is no evidence in the record of conviction (at least in the record before this court) that the value of the stolen motor vehicle *did not* exceed $950. Defendant argues the People, not he, bore the burden of establishing the stolen motor vehicle at issue was worth more than $950. We recently rejected the contention that the People bear the burden under Proposition 47 of proving the value of property at issue.

"The statute [Penal Code § 1170.18] itself is silent as to who has the burden of establishing whether a petitioner is eligible for resentencing. However, Evidence Code section 500 provides, '[e]xcept as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.' Because defendant is the petitioner seeking relief,

10

and because Proposition 47 does not provide otherwise, 'a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing.' (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878-879 . . . (*Sherow*); see also *People v. Rivas– Colon* (2015) 241 Cal.App.4th 444, 449-450 . . . .) In a successful petition, the offender must set out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950. (*Sherow*, *supra*, at pp. 877-878; see also § 1170.18, subd. (a).) The defendant must attach information or evidence necessary to enable the court to determine eligibility. (*Sherow*, *supra*, at p. 880 ['A proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination.'].)" (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137.)

Defendant's petition did not allege, let alone offer proof, that the stolen motor vehicle he received was worth no more than $950. Because defendant did not satisfy his burden of establishing the value of the stolen motor vehicle he received, he cannot establish he is similarly situated with a defendant convicted under section 496 of receiving stolen property worth $950 or less.

Even if defendant were similarly situated with a defendant convicted of receiving stolen property worth $950 or less, his equal protection challenge must still fail. "A defendant . . . 'does not have a fundamental interest in a specific term of imprisonment or

11

in the designation a particular crime receives.' [Citations.]" (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) Absent some allegation that sentencing disparity involves a suspect classification, a court addressing such an equal protection challenge must apply the deferential rational basis test. (*Ibid.*)

"Where, as here, a disputed statutory disparity implicates no suspect class or fundamental right, 'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose."' [Citation.] 'This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. Nor must the underlying rationale be empirically substantiated. [Citation.] While the realities of the subject matter cannot be completely ignored [citation], a court may engage in "'rational speculation'" as to the justifications for the legislative choice [citation]. It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record."' [Citation.] To mount a successful rational basis challenge, a party must '"negative every conceivable basis"' that might support the disputed statutory disparity. [Citations.] If a plausible basis exists for the disparity, courts may not second-guess its "'wisdom, fairness, or logic.'" [Citations.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

Relying on *People v. Wilkinson*, *supra*, 33 Cal.4th 821, the People argue that, by reclassifying as a misdemeanor the crime of receiving stolen property worth no more than $950 (§ 496, subd. (a)) but leaving as a wobbler the crime of receiving a stolen motor vehicle worth the same amount (§ 496d, subd. (a)), the voters may have intended to allow

12

prosecutors to exercise their discretion when charging particular defendants. We agree with the People. "[N]umerous factors properly may enter into a prosecutor's decision to charge under one statute and not another, such as a defendant's background and the severity of the crime, and so long as there is no showing that a defendant 'has been singled out deliberately for prosecution on the basis of some invidious criterion,' that is, "'one that is arbitrary and thus unjustified because it bears no rational relationship to legitimate law enforcement interests[,]'" the defendant cannot make out an equal protection violation. [Citation.]" (*People v. Wilkinson*, *supra*, at pp. 838-839.)

Another reason for treating the crime of receiving a stolen motor vehicle differently than the crime of receiving some other form of stolen property is to single out and combat the operation of automobile "chop shops." Assembly Bill No. 2390 added section 496d "to the Penal Code to encompass only motor vehicle[s] related to the receiving of stolen property." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended Apr. 13, 1998, p. 2, available at http://www.leginfo.ca.gov/pub/97-98/bill/asm/ab_2351-2400/ab_2390_cfa_19980413_ 140614_asm_comm.html [as of Apr. 29, 2016].) The legislative history of Penal Code section 496d, of which we take judicial notice (Evid. Code, §§ 452, subd. (c), 459, subd. (a)), described the statute as "'provid[ing] additional tools to law enforcement for utilization in combating vehicle theft and prosecuting vehicle thieves. Incarcerating vehicle thieves provides safer streets and saves Californians millions of dollars. These proposals target persons *involved in the business of vehicle theft* and would identify persons having prior felony convictions for the receiving of stolen vehicles for enhanced

13

sentences.'" (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 2390, *supra*, as amended Apr. 13, 1998, p. 2, italics added.)

Because there are plausible, legitimate reasons for distinguishing between defendants convicted of receiving stolen property worth $950 or less and defendants convicted of receiving a stolen motor vehicle, when the vehicle is worth $950 or less, defendant has not established the exclusion of the latter from relief under Proposition 47 is an equal protection violation.

## III.

## CONCLUSION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

14